UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **David Tyrone Hill,** | ) | **CASE NO. 1:14 CV 2147** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Gary C. Mohr,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff David Tyrone Hill, a prisoner incarcerated in the Mansfield Correctional Institution ("ManCI"), has filed this civil rights action pursuant to 42 U.S.C. §1983, indicating he seeks to sue the Director of the Ohio Department of Rehabilitation and Correction (ODRC) Gary C. Mohr; ManCI Warden Alan Lazaroff; prison Doctors Airaldi and Olynyk; Deputy Warden of Administration Angie Hunsinger; Aramark Food Service Director M. Guiler; Healthcare Administrator J. Hensley; John Babjide; and Unit Manager Chief R. Azmoun.  He has been granted leave to proceed *in forma pauperis.*

**Allegations**

The only factual basis for the plaintiff's action that is reasonably discernible from his complaint[1] is a September 22, 2014 decision of Dr. Olynyk to take crutches away from him.  He alleges that after he was transferred to ManCI in April 2014, he was issued crutches by Chief

---

[1]The plaintiff has previously filed at least three other civil rights lawsuits against Ohio prison officials and employees under §1983 alleging constitutional violations in connection with his confinement in other prisons.  *See Hill v. Cuyahoga County*, Case No. 1: 11 CV 874 (N.D. Ohio)*; Hill v. CRUMP Healthcare Administration*, Case No. 3: 09 CV 889 (N.D. Ohio);; *Hill v. Mason*, No. 1: 06 CV 379 (N.D. Ohio 2006).

Medical Officer Dr. Airaldi "until October 16, 2014." However, Dr. Olynyk took the crutches away from him on September 22, 2014, because Olynyk believed the plaintiff was refusing to properly address his medical treatment. The plaintiff disagrees with Dr. Olynyk's assessment that he does not need the crutches and alleges his ambulation without crutches is limited and painful, and that he is suffering from "starvation" because he is unable to walk to the chow hall. Other than Drs. Airaldi and Olynyk, the only other defendant he specifically mentions in the body of his complaint is Warden Lazaroff, who he alleges was "present" but stated he was not a doctor.

The only reasonably discernible claim the plaintiff alleges is deliberate indifference to his needs for adequate food and medical care. He seeks injunctive relief of having the crutches returned to him and $200,000 in monetary damages "for painful and limited ambulation that[']s denying food and services."

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C. §1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). That statute requires the Court to dismiss the plaintiff's complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Although *pro se* complaints are construed liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to survive a dismissal for failure to state a claim, a *pro se* complaint must still contain

"sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The allegations in the complaint must be sufficient to raise a right to relief above a speculative level assuming the allegations are true. *Twombly*, 550 U.S. at 555.

Upon review, the Court finds the action may proceed only as against Dr. Olynyk; however, the complaint fails to state a claim on which relief may be granted and must be dismissed against all of the remaining defendants pursuant to 28 U.S.C. §1915(e)(2)(B).[2]

**Analysis**

A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" toward conditions at the prison that created a substantial risk of serious harm to an inmate. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To make out such a claim, an inmate must demonstrate both objective and subjective components. He must show that he is incarcerated under conditions posing a "substantial risk of serious harm" to his health or safety, and that the prison official in question had "a sufficiently culpable" subjective state of mind. *See id.*

To prove the subjective component, an inmate must show that the prison official had a

---

[2] It is well-established that "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment [for an inmate] are not enough to state a deliberate indifference claim," *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008), and that allegations of medical malpractice or negligent diagnosis and treatment are also insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004). However, the Court will allow the action to proceed against Dr. Olynyk past the screening stage given the plaintiff's allegations that he "is not getting food" and is suffering from "starvation" as a result of Dr. Olynyk's decision to take away his crutches.

subjective state of mind more blameworthy than negligence. He must show "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 867, citing *Farmer*, 511 U.S. at 835, 837.

The complaint fails to state a deliberate indifference claim and must be dismissed as against Angie Hunsinger, M. Guiler, J. Hensley, John Babjide, and R. Azmoun because the plaintiff does not set forth any specific allegations of alleged wrongful conduct on their part in the body of his complaint. The Sixth Circuit has made clear that where a person is merely named as a defendant in an action without any allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Likewise, the plaintiff's complaint fails to state a claim and must be dismissed against Director Mohr because it does not set forth any specific allegations of misconduct on his part. It

appears that the plaintiff has sued Mohr solely because he is the Director of the ODRC. However, it is well-established that liability under §1983 may not be imposed on a supervisory official solely on the basis of *respondeat superior*. "[A] §1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009) (citation omitted). The plaintiff's complaint is devoid of allegations suggesting that Director Mohr was in any way involved in or encouraged the alleged misconduct of which the plaintiff complains.

The plaintiff's allegations are also insufficient to support a plausible claim against Warden Lazaroff. The plaintiff's allegations that the Warden was "present" but stated he was not a doctor suggest, at the most, that the Warden failed to intervene in connection with the medical decision made by Dr. Olynyk regarding the plaintiff's need for crutches. There is no liability under §1983 where a prison official's only involvement was to deny an administrative grievance or fail to intervene on an inmate's behalf as the plaintiff alleges. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Finally, the plaintiff's allegations are insufficient to allege a plausible deliberate indifference claim against Dr. Airaldi. The plaintiff's only allegation regarding Dr. Airaldi is that he *gave* the plaintiff crutches to use upon his transfer to ManCI. This allegation is insufficient to support a plausible inference that Dr. Airaldi was "deliberately indifferent" to any medical or other need the plaintiff had.

**Conclusion**

For all of the reasons stated above, the plaintiff's complaint is hereby dismissed pursuant

to 28 U.S.C. §1915(e) against Director Mohr; Warden Lazaroff; Dr. Airaldi; Deputy Warden of Administration Hunsinger; Aramark Food Service Director Guiler; Healthcare Administrator Hensley; John Babjide; and Unit Manager Chief Azmoun. Additionally, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed only as against Dr. Olynyk and only with respect to a claim by the plaintiff that Dr. Olynyk was deliberately indifferent to his needs for adequate food and/or medical care in taking crutches away from him. Accordingly, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Dr. Olynyk, and **a copy of this order shall be included with the documents to be served**.

The plaintiff's pending motions for copies, appointment of counsel, and to consolidate (Doc. Nos. 21, 22) and to renew proceedings (Doc. No. 23) are denied.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 5/10/16